UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DUSTIN LIANG**
*through and by his father and legal guardian*
*Thomas Liang*

       *Plaintiff*

v.

**ERIK ALLEBEST, ANDREW P. HOY,
JON HASKEL, CHESS.COM,
US CHESS FEDERATION** *aka* **USCF, and
MASSACHUSETTS CHESS ASSOCIATION** *aka*
**MACA**

       *Defendants*

No. 23-cv-11803-PGL

## REPORT AND RECOMMENDATION ON DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

**LEVENSON, M.J.**

    As set forth below, I recommend that this action be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure because the parties are not completely diverse in citizenship.

    **I.**    **Background**

    The Complaint in this action asserts claims sounding primarily in libel/defamation. Plaintiff, a minor, alleges that he is a highly accomplished and widely recognized competitive chess player. Plaintiff alleges that Defendants, who are organizations, individuals, and businesses who operate or sponsor chess tournaments and publications, defamed Plaintiff by disqualifying him from a chess competition or labeling him a "cheater."

Plaintiff seeks to proceed *pro se* through has father as "next friend." Leaving aside for the moment the propriety of such *pro se* representation,[1] it is apparent on the face of the Complaint that the asserted claims are not within the subject matter jurisdiction of this Court and must be dismissed.

The sole asserted basis for federal court jurisdiction in this case is diversity of citizenship. The Complaint states that "[t]his court has subject matter jurisdiction under 28 U.S.C. [§] 1332 because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum or value of $75,000." Compl. ¶ 1, ECF No. 1.

The allegations of the Complaint, however, reflect information about the apparent citizenship of the parties that belie the assertion that there is complete diversity:

> Plaintiff Dustin Liang ("Plaintiff") is an individual who resides in Sharon Massachusetts. He is 15 years old and he is a national chess master.

*Id.* ¶ 2.

> Defendant Massachusetts Chess Association/ MACA is a non profit organization doing business in Massachusetts. Plaintiff is informed and believes, and based thereon alleges that MACA is located at Cambridge, Massachusetts.

*Id.* ¶ 6.[2]

---

[1] *See infra* note 3.

[2] The Court takes judicial notice that the Corporations Division of the Massachusetts Secretary of the Commonwealth's Office has a record of such a nonprofit entity, which lists Andrew Hoy as the organization's president and provides a Boston address for the organization. At any stage of a proceeding, a court may take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b), (d); *cf. Massachusetts v. Westcott*, 431 U.S. 322, 323 n.2 (1977) (taking judicial notice of the fact that respondent held a particular fishing license based on records maintained by the Merchant Vessel Documentation Division of the U.S. Coast Guard).

> Defendant Andrew Hoy is an individual who resides in Cambridge, Massachusetts. Plaintiff is informed and believes, and based thereon alleges that Andrew Hoy takes the president position of MACA . . . .

*Id.* ¶ 7. The Complaint lists an address in Tyngsborough, Massachusetts for Defendant Hoy (although it includes the notation "c/o Kenneth Belt"). *Id.* at 2.

On their face, these allegations reflect that Plaintiff has the same citizenship as at least two of the named Defendants.

## II.  Discussion

"[A] federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a court to dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and may adjudicate only those controversies over which the Constitution or Congress grants them jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has given the federal courts jurisdiction over cases where the parties have diversity of citizenship and the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a). Such diversity jurisdiction cannot exist, however, unless the parties have "*complete* diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (emphasis added). That is to say, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009). "Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction 'depends upon the state of things at the time of the action brought.'" *Connectu LLC*, 522 F.3d at 91 (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824).

Here, it is clear on the face of the Complaint that the parties are not completely diverse. Although *pro se* pleadings must be read "with an extra degree of solicitude," and should be liberally construed, no other source of federal jurisdiction is apparent from the Complaint. *See Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991); *see Strahan v. Coxe*, 127 F.3d 155, 158 n.1 (1st Cir. 1997); *cf. Debarros v. Areas USA Bos., LLC*, No. CV 117-11095-FDS, 2017 WL 3013253 (D. Mass. July 14, 2017) (dismissing, based on incomplete diversity, a *pro se* complaint alleging defamation). Without any valid assertion of federal jurisdiction in the Complaint, the Court is obligated under Rule 12(h)(3) to dismiss the matter for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[3]

## CONCLUSION

The parties have not submitted the required form to indicate whether they consent to the jurisdiction of a Magistrate Judge in this case. Accordingly, I will treat this as a dispositive

---

[3] I recommend that this matter be dismissed without prejudice; however, if, in the future, the minor Plaintiff seeks to file a new complaint in this Court based on the facts presently alleged, he cannot do so without an attorney representing him. Parties are entitled to represent themselves in federal court under 28 U.S.C. § 1654, but a party cannot be represented by a non-lawyer. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel.") (construing 28 U.S.C. § 1654); *see also* Local Rule 83.5.5(b) ("An individual appearing *pro se* may not represent any other party . . . ."). Although parents and guardians can often bring suit on behalf of their children, such a suit must (with some inapplicable exceptions) be filed by a lawyer. *See Ethan H. v. State of N.H.*, 968 F.2d 1210 (1st Cir. 1992), 1992 WL 167299, at *1 (unpublished table decision) (holding that non-lawyers may not represent their children *pro se* in federal court). The Second Circuit has succinctly explained the policy reason for this restriction:

> The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause. . . . However, . . . a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions.

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (internal citations omitted).

4

matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. *See* Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, Rule 3.

For this reason, I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court dismiss this matter without prejudice.[4]

                                             /s/ Paul G. Levenson
                                             United States Magistrate Judge

Date: September 8, 2023

---

[4] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).